IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Kristen Ruppen,** | |
|       **Plaintiff,** | Case No. 2:21-cv-04896 |
| v. | Judge Graham |
| **Portfolio Recovery Associates, LLC** | Magistrate Judge Vascura |
|       **Defendant.** | |

**OPINION & ORDER**

This matter is before the Court upon a motion for attorney fees and costs filed by Defendant Portfolio Recovery Associates, LLC ("PRA") on September 9, 2023. ECF No. 33. PRA seeks attorney fees from Plaintiff Kristen Ruppen ("Ruppen") and/or Plaintiff's counsel, Gary Hansz and the Credit Repair Lawyers of America (collectively, "CRLA"), alleging, *inter alia*, that the instant action was frivolously brought and thus PRA is entitled to attorney fees pursuant to various authorities. For the reasons that follow, PRA's motion for attorney fees and costs is **DENIED**.

**STATEMENT OF THE CASE**

Plaintiff Ruppen initiated this action, through counsel,[1] on October 1, 2021. ECF No. 1. Ruppen's Complaint stated only one (1) claim, alleging that Defendant PRA violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. ECF No. 1. Specifically, Ruppen alleged that PRA violated the FDCPA by falsely reporting that Ruppen disputed certain debts even after she, through CRLA, notified PRA that she no longer disputed the debts. *Id.* at ¶¶ 9-10. Ruppen further alleged that she suffered damages from PRA's failure or refusal to remove the dispute notation; specifically, Ruppen alleged that the dispute notation harmed her credit score such that

---

[1] The initial Complaint was filed by Richard P. Gabelman as local counsel on behalf of CRLA, a Michigan-based practice, pursuant to the engagement agreement between Ruppen and CRLA. *See* ECF No. 37-1, PAGEID # 374.

[1]

"she [was] not eligible for conventional mortgage financing or refinancing," which had caused her "pecuniary and emotional damages." *Id.* at ¶¶ 11, 15.

After exchanging several rounds of discovery requests and responses, Ruppen filed a motion to dismiss her complaint with prejudice, on January 11, 2023. ECF No. 23. In her motion to dismiss, Ruppen claimed that she had "decided she does not want to continue the litigation of this case, as she does not want to go through with further litigation or incur the costs of mediation." *Id.* at 2. PRA filed a response to Ruppen's motion to dismiss, indicating that it would not consent to dismissal unless Ruppen and/or CRLA paid PRA's attorney fees and costs in full, and requesting that the Court retain jurisdiction over the matter so that PRA could seek attorney fees. ECF No. 26, ¶¶ 21-22. The Court granted the motion to dismiss on August 9, 2023. ECF No. 32. However, the Court also granted PRA's request that it retain jurisdiction to hear a motion for attorney fees. *Id.*

## DISCUSSION

PRA filed the motion for attorney fees now before the Court on September 9, 2023. ECF No. 33. PRA cites three (3) different sources of this Court's authority to award fees: (1) the provision of the FDCPA which allows a prevailing defendant to recover attorney fees and costs under certain circumstances (15 U.S.C. § 1692k(a)(3)); (2) Section 1927, which authorizes the Court to order an attorney to personally satisfy an award of attorney fees (28 U.S.C. § 1927); and (3) the Court's "inherent authority to sanction litigants and their counsel for bad faith conduct." ECF No. 33, 3. PRA argues that it is entitled to attorney fees and costs under any or all of the three (3) cited authorities. *Id.* Ruppen argues that an award of attorney fees and costs to PRA is not warranted under any theory, and that even if the Court finds that such an award is appropriate, the amounts requested by PRA are unreasonable. ECF No. 36.

[2]

Under any theory, PRA's argument relies on its repeated assertion that "[Ruppen's] claim was meritless from the outset, and despite the fact that discovery uncovered factual inaccuracies in [Ruppen's] claims, [Ruppen] needlessly pushed forward with litigation." ECF No. 33, 2. Ruppen disputes PRA's characterization of the claim as meritless. The Court agrees with Ruppen that the claim is "minimally colorable" such that an award of attorney fees is not warranted. *See Brown v. Van Ru Credit Corp.*, No. 14-12136, 2015 WL 225727, at *5 (E.D. Mich. Jan. 16, 2015), *aff'd,* 804 F.3d 740 (6th Cir. 2015) (citing *Horkey v. J.V.D.B. & Assocs*., 333 F.3d 769, 775 (7th Cir.2003)).

### Merits of Ruppen's Claim

Pursuant to the FDCPA, debt collectors such as PRA are prohibited from making a "false representation of… the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2). Furthermore, debt collectors violate the FDCPA by "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). When a debt collector fails to comply with FDCPA "with respect to any person," the debt collector is liable for "any actual damage sustained by such person," as well as "additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a). A concrete injury in fact can be established even in the absence of actual pecuniary damages. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 342, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) ("[T]he violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact.").

Ruppen alleged in her complaint that the inaccurate information furnished by PRA—namely, that Ruppen disputed certain debts even after she communicated to PRA that she no longer disputed them—adversely affected her credit score and prevented her from obtaining a mortgage.

ECF No. 1. PRA asserts that this allegation was "never true" because Ruppen "only sought mortgage refinancing 18 months **before** PRA allegedly furnished inaccurate information about Plaintiff's account." ECF No. 33, 2. Thus, PRA's allegation that the claim is meritless is based on Plaintiff's apparent lack of actual damages. However, PRA cites no authority in support of its position that Ruppen's claim is meritless, and absent any such authority, the Court is disinclined to conclude that Ruppen and/or CRLA "knew that this was a meritless claim" such that sanctions would be warranted. *Id.* at 12.

According to PRA, discovery revealed that Ruppen's claim was meritless and that Ruppen and/or CRLA knew it was meritless because:

> (a) [Ruppen] did not have a mortgage loan, nor had she ever applied for one; (b) [Ruppen's] credit reports were replete with a collection of derogatory accounts, including, defaults, late payments, and collections; [and] (c) a few months prior to filing her Complaint, [Ruppen] had disputed her PRA account nine different times, and each time PRA engaged in accurate credit reporting.

*Id.* But again, PRA does not cite any authority to support its claim that these facts would render the suit meritless. Instead, PRA cites to examples of courts awarding attorney fees pursuant to the cited authorities. *Id.* However, the cases cited by PRA are plainly distinguishable.

For example, in support of an award of attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), which requires a finding that the action "was brought in bad faith and for the purpose of harassment" (15 U.S.C. § 1692k(a)(3)), PRA cites *Sohi v. Diversified Adjustment Serv., Inc.*, No. 1:15-CV-563, 2016 WL 2745298 (S.D. Ohio May 10, 2016). The plaintiff in *Sohi* alleged that he brought the action "to obtain corrections" to an account on his credit report. *Id.* at *10. But critically, the defendant had already made the corrections to the plaintiff's account before the suit was even filed. *Id.* Therefore, the magistrate judge concluded that the "[p]laintiff's decision to file a lawsuit for the ostensible purpose of obtaining the very relief he appears to have already secured

[4]

from [defendant] is indicative of bad faith." *Id.*[2] In the instant case, Ruppen sought similar relief—corrections to her credit accounts—but the difference here is that Ruppen did not obtain such relief before (or since) filing her complaint.

Under Section 1927, courts may order counsel to be personally liable for an award of attorney fees when counsel's conduct is found to have "multipl[ied] the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. In support of an award under this Section, PRA again cites to conclusory statements which simply confirm the Court's authority to order an award under this section, but which offer no support for PRA's contention that the Court should exercise such authority here. For example, PRA cites to *Brack v. Budish* for the proposition that an attorney is subject to sanctions under Section 1927, even absent bad faith, "when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct litigation of nonfrivolous claims." ECF No. 33, 9 (citing *Brack v. Budish*, 599 F. Supp. 3d 607, 616-17 (N.D. Ohio 2022)). But, like many of the cases cited by PRA, the court in *Brack* concluded that sanctions were *not* warranted under Section 1927. *Id.* at 641-42. *See, e.g., Keith v. Bruce*, No. 3:20-CV-00766-CHB, 2021 WL 6804124 (W.D. Ky. Nov. 2, 2021), *report and recommendation adopted,* No. 3:20-CV-766-CHB, 2022 WL 2405589 (W.D. Ky. Feb. 28, 2022) (declining to award attorney fees under 15 U.S.C. § 1692k(a)(3) or 28 U.S.C. § 1927); *Jones v. Cont'l Corp.*, 789 F.2d 1225 (6th Cir. 1986) (reversing award of attorney fees granted pursuant to 28 U.S.C. § 1927); *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308 (6th Cir. 1997) (reversing award of attorney fees granted pursuant to court's inherent power to sanction).

---

[2] Beyond the initial filing of a plainly meritless complaint, the *pro se* plaintiff in *Sohi* did himself no favors by his "flippant responses to [defense counsel's] correspondence and his apparent failure to consider the merits of his claims in light of the authorities provided by defendant." *Id.* at *11.

In contrast, Ruppen and CRLA have cited cases which demonstrate that Ruppen's claim does not fail simply because she was not denied a mortgage. *See Sanchez v. LVNV Funding, LLC*, No. 121CV04815MLBJEM, 2023 WL 4401621 (N.D. Ga. May 30, 2023), *report and recommendation adopted,* No. 1:21-CV-4815-MLB, 2023 WL 7169085 (N.D. Ga. Sept. 26, 2023) (citing Sixth Circuit precedent in support of holding that an inaccurate dispute notation is a concrete injury). The claim in *Sanchez* is identical to Ruppen's, and, like Ruppen, the plaintiff in *Sanchez* admitted that he had not been denied for a mortgage based on the alleged inaccuracies in his credit report. *Id.* Though not binding on this Court, the holding in *Sanchez*—that a misstatement on a credit report is a concrete injury sufficient to confer Article III standing pursuant to the FDCPA—directly undermines PRA's position that Ruppen's claim is meritless.

PRA contends that the *Sanchez* holding is distinguishable not because of different facts or applicable law, but rather because the *Sanchez* court reached its conclusion "without the benefit of an expert report such as that presented by PRA in this matter explaining that it accurately furnished information on [Ruppen's] account." ECF No. 37, 9. PRA's suggestion that the *Sanchez* court would reach a different conclusion with the benefit of an expert report is difficult to square with PRA's position that an identical claim before this Court was "known to be meritless" (ECF No. 33, 11) to Ruppen and CRLA, thus warranting sanctions. In rebutting *Sanchez*, PRA moves the goalposts: no longer attacking Ruppen's "lack of real damages," PRA instead contends that the allegedly inaccurate dispute notation was in fact accurate, pursuant to its expert's 26-page report.[3] Even assuming, *arguendo*, that the expert report conclusively established Ruppen's claim to be meritless, Ruppen and CRLA did not have the benefit of the expert report at the time of filing, and

---

[3] Notably, the plaintiff in *Sanchez* testified in his deposition that "while he no longer disputes owing the debt, he still disputes the amount of debt owed." *Sanchez*, 2023 WL 4401621 at *7. Despite this rather glaring admission, the court still agreed with the plaintiff that "believing that a debt amount is incorrect is not the same as disputing the debt." *Id.* at *8.

"simple legal research" would not have "warned [Ruppen] of [her] non-viable claims" on that basis. *Sohi*, 2016 WL 2745298, at *9 (citing *Adams v. Bureau of Collection Recovery, LLC*, No. 10-cv-12818, 2011 WL 3204759, at *2 (E.D. Mich. July 28, 2011)).

PRA cites "deficiencies and delays" with respect to Ruppen's discovery responses and "glaring deficiencies in the documentation produced by her (all of which failed to support her claims)" as among Ruppen and CRLA's sanctionable conduct. ECF No. 33, 5. But again, PRA's motion for sanctions is based primarily upon its position that Ruppen and CRLA pursued a claim "known to be meritless." *Id.* at 11. PRA sets forth the timeline of discovery between the parties, which states, for example, that Ruppen's first document production was "largely redacted," and that the unredacted materials were only produced four (4) months later, the day before Ruppen's deposition. *Id.* at 6. All told, within 8 months following this Court's scheduling order on January 19, 2022, it appears that Ruppen produced three (3) batches of documents, answered and supplemented interrogatories, and sat for a deposition. *Id.* at 4-6. While the discovery-related conduct complained of might compound the appropriateness of a fee award in the context of a suit brought in bad faith, the Court does not find sanctionable conduct here.

## CONCLUSION

For the reasons set forth above, the Court finds that an award of attorney fees is not warranted in this case. Therefore, Defendant Portfolio Recovery Associates' motion for attorney fees (ECF No. 33) is hereby **DENIED**.

**IT IS SO ORDERED**.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: August 29, 2024